**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**


| | | |
|---|---|---|
| **In re:  Judith K Begoun** | ) | **13 B 27604** |
| | ) | |
| Debtor(s) | ) | **Judge A. Benjamin Goldgar** |


MEMORANDUM IN OPPOSITION TO MOTION FOR TURNOVER

Now Comes Glenn Stearns, Chapter 13 Trustee, in opposition to the Debtor's Motion for

Turnover (originally Motion to Withdraw Money Under 28 U.S.C. Section 2042) states the

following:

1.  The Court referred to In re Jafary 333 B.R. 680 (2005), suggesting that the line of

    reasoning taken by that court might apply in this case.

2.  It appears that the facts at issue in the Begoun case are distinguishable from the facts

    in Jafary.

3.  The issue in Jafary was whether a Chapter 13 Trustee may unilaterally disburse

    *additional* funds received *after* the plan was already completed.

4.  Ms. Begoun has paid the exact amount required under her plan.  All of the funds

    received and administered by the trustee originated from the debtor.

5.  The debtor's amended plan filed October 18, 2013 (Doc 35) was confirmed

    November 8, 2013.  Section D1 provided for total payments of $32,700 over 60

    months; section G #5 required her to submit the amount of any tax refund in excess of

    $1,200 to the trustee each year.  Plan Section D 3 provided that the tax refund

payments are in addition to the payments required under Section D 1.  Only the 2014

tax return resulted in a refund in excess of $1,200; the 2014 refund of $3,654

increased the plan base by $2,454.

6. The debtor's plan was modified April 17, 2015 (Doc 67) to reduce her regular

   payment from $600 to $555 per month, reducing the amount paid under section D1 to

   $32,112.

7. Adjusting for the one applicable tax refund and the one modification after

   confirmation, the debtor's plan base is $34,566 ($32,112 + $2,454).

| | | |
|---|---|---:|
| Gross amount paid by the debtor | $ | 34,902.00 |
| Refunded to debtor | $ | 336.00 |
| Net amount paid by the debtor | $ | 34,566.00 |
| | | |
| Trustee fees | $ | 1,584.63 |
| Paid to debtor's attorney | $ | 2,000.00 |
| Select Portfolio - Mortgage arrears | $ | 3,424.55 |
| | | |
| Amount required to pay to general unsecured creditors | $ | 27,556.82 |

8. The debtor's plan requires payment of $27,556.82 to general unsecured creditors

   unless a lower amount will pay them in full.

9. Distributions were made to unsecured creditors as follows:

| Claim Number / Creditor Name | Claim Amount | Amount Paid |
|---|---:|---:|
| (1) Dyck-O'Neal, transferred to | 89,020.28 | 24,775.80 |
| JPMorgan Chase 09/26/14 (Doc 55) | | |
| (2) American InfoSource | 2,470.83 | 687.67 |
| (3) Real Time Resolutions, Plan Section 3.2. | 59,063.69 | 190.53 |
| Claim withdrawn 01/21/15 (Doc 61). | | |
| (4) Altair OH | 1,768.34 | 492.16 |
| (6) Altair OH | 4,575.19 | 1,273.35 |
| (7) LVNV | 493.35 | 137.31 |
| Total disbursed on unsecured claims | | 27,556.82 |

10. The issue before the court revolves around the $89,020.28 unsecured claim (POC #1)

filed by Dyck-O'Neal and transferred to JP Morgan Chase (Doc 55).  Chase accepted

payments from the trustee for more than a year until they returned the trustee's April

2016 and all subsequent disbursement checks.  The trustee's file shows no less than a

dozen attempts to obtain information from Chase about where to disburse funds on

this claim to no avail.  Chase never amended or transferred their claim so the trustee

turned over to the clerk the remaining balance owed on their allowed claim.

**Distributions on claim (1)**

| | |
|---|---|
| Amount accepted by JP Morgan Chase | 8,339.31 |
| Turned over to Clerk after Chase stopped accepting funds | 16,436.49 |
| | 24,775.80 |

11. The funds the trustee attempted to pay to JPMorgan Chase and subsequently turned

over to the Court are property of the estate.  JPMorgan Chase was free to claim these

funds but appears to have relinquished their claim to those funds without amending

their claim.

12. The debtor is asking for the unclaimed funds to be turned over to her.

13. If the $16,436.49 is turned over to the debtor she will not have paid the $34,566 she is

required to pay under her confirmed plan and her unsecured creditors will not have

received their required dividend.

14. If these funds belong to anyone other than JPMorgan Chase they first belong to the

debtor's other creditors.

15. If the court orders that the $16,436.49 in question does not belong to JPMorgan Chase

Bank NA; it must be returned to the trustee to be disbursed to the debtor's other

creditors.

16. This would result in the debtor's other remaining creditors being paid in full with a

refund in excess of $9,000 to the debtor.


WHEREFORE, the Trustee prays that the Court deny the Debtor's Motion for Turnover

(Motion to Withdraw Money Under 28 U.S.C. Section 2042) and order the Clerk to return the

unclaimed funds to the Trustee to disburse according to the debtor's confirmed plan.

Respectfully Submitted;

Glenn Stearns, Trustee



/s/ Glenn Stearns

By: Glenn Stearns



Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL 60532     630 981 3888